UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CARLOS PETERSON,

                              Plaintiff,         9:11-CV-0858
                                                            (GLS/GHL)

    v.

STATE OF NEW YORK,

                              Defendant.

_____

APPEARANCES

CARLOS PETERSON
Plaintiff *pro se*
08-B-3052
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

GARY L. SHARPE
U.S. District Judge

## DECISION and ORDER

**I.    Introduction**

      The Clerk has sent to the Court for review a complaint filed *pro se* by plaintiff Carlos Peterson. Dkt. No. 1. Peterson has also filed an application for leave to proceed with this action *in forma pauperis*. Dkt. No. 2.

**II.    Discussion**

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee.  In addition, the Court must consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

Having found that Peterson meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2).[1]  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the Court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*[2]

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

*See* Fed. R. Civ. P. 8(a)(2).  The purpose of  Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense,'" and determine whether the doctrine of res judicata is applicable.  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

The Court has reviewed the complaint thoroughly and read the allegations thereof liberally in the light most favorable to Peterson, a *pro se* litigant.  Here, Peterson claims that following his arrest in May, 2008, he was "illegally convicted for a crime that I didn't commit."  Dkt. No. 1 at 3-4.[3]  As

---

[3] Peterson has brought at least two other actions in the Northern District arising out of his May 2008 arrest on charges of burglary and assault on the officers who responded to an alarm triggered when Peterson "went through a window" to enter a church.  *See Peterson v. Syracuse Police Dep't*, 09-CV-0106, Complaint (N.D.N.Y. filed Jan. 29, 2009).  Peterson was convicted of assault in the second degree and sentenced

alleged in the complaint, the trial judge and prosecutor engaged in misconduct and "manipulated the jury into believing false testimony"given by the police officer witnesses. *Id.* The sole defendant named in the caption of the complaint is the State of New York. Peterson seeks one billion dollars in damages. *Id.* at 8. For a complete statement of Peterson's claims, reference is made to the complaint.

Peterson brings this action under 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."

---

to a term of ten years imprisonment and five years post-release supervision. Dkt. No. 1 at 3. In January 2009, Peterson filed an action against the City of Syracuse police officers alleging false arrest and use of excessive force. District Judge Lawrence E. Kahn granted Peterson's motion for a default judgement. *Peterson v. Syracuse Police Dep't*, 09-CV-0106, Judgment (N.D.N.Y. filed Dec. 2, 2010). The defendants' appeal from that judgment to the Second Circuit Court of Appeals is pending. *Peterson v. Syracuse Police Dep't*, 09-CV-0106, Notice of Appeal (N.D.N.Y. filed Dec. 22, 2010). In July, 2010, Peterson filed a complaint against City of Syracuse Mayor Matthew J. Driscoll, in which he complained that City of Syracuse police officers used excessive force against him during his arrest. *See Peterson v. Driscoll*, 10-CV-1511, Complaint (N.D.N.Y. filed July 15, 2010). Upon review, District Judge Glenn T. Suddaby dismissed Peterson's claims against Mayor Driscoll and afforded him an opportunity to file an amended complaint. *Peterson v. Driscoll*, 10-CV-1511, Memorandum-Decision and Order (N.D.N.Y. filed March 16, 2011). Peterson's amended complaint is before Judge Suddaby for consideration. *Peterson v. Driscoll*, 10-CV-1511, Amended Complaint (N.D.N.Y. filed Apr. 7, 2011).

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  State immunity extends not only to the states, but also to state agencies.[4]  *See Puerto Rico Aqueduct & Sewer Auth.*

---

[4] The Eleventh Amendment bars claims for damages against state officials acting in their official capacities.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity.").  The Court notes that a plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) "alleges an ongoing violation of federal law," and (b) "seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 [2002]); *see also In re Dairy Mart Convenience Stores, Inc.,* 411 F.3d 367, 372 (2d Cir. 2005).  Here, Plaintiff has failed to allege facts plausibly suggesting either of these two requirements.

*v. Metcalf,* 506 U.S. 139, 142-47 (1993); *McGinty v. New York,* 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'").

As a result, Peterson's claim against the State of New York for money damages is dismissed with prejudice.

Mindful of Peterson's status as a *pro se* litigant, the Court has also considered whether the complaint states one or more claims which are cognizable under § 1983 against the individuals who, although not named as defendants in the caption of the pleading, are mentioned in the body of the complaint.  Thus, Peterson alleges that the trial judge, New York State Supreme Court Justice William D. Walsh, and the prosecutor, Onondaga County Assistant District Attorney Scott Wells, "manipulated the jury into believing false testimony. . . ."  Dkt. No. 1 at 3.  Peterson also claims that "all six officers testified in court and gave false testimony."  *Id.* at 4.  For the reasons set forth below, these individuals enjoy absolute immunity from the claims asserted in the complaint.

"Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of the consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005)

(quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted)). The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability under Section 1983 for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson*, 386 U.S. at 554).[5] "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted). Thus, under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." *Huminski v. Corsones*, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted).[6]

---

[5] The proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's decision violated the litigant's constitutional rights. *Montesano v. State of New York*, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006). The First Amendment grants the individual the right to sue in court, but does not afford a litigant the right to obtain a particular result. Thus, an adverse judicial decision does not constitute a violation of the right to petition the government for the redress of grievances. Similarly, dissatisfaction with a court's ruling does not amount to a deprivation of a litigant's due process rights. *See id.*, 2006 WL 944285, at * 3 (citing cases).

[6] Similarly, injunctive relief is not available in an action pursuant to 42 U.S.C. § 1983 against a judicial officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This provision, enacted in 1996 as section 309(c) of the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), legislatively reversed the decision in *Pulliam*

Here, the alleged misconduct by New York Supreme Court Justice Walsh arises solely out of the performance of his judicial duties in presiding over Peterson's criminal proceedings and determining the issues presented therein. Accordingly, any claim against Justice Walsh is barred by absolute immunity.

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).

Because Peterson complains that Assistant District Attorney Wells engaged in misconduct in the course of Peterson's trial, any claim Peterson might assert against him is barred by absolute immunity.[7]

---

*v. Allen*, 466 U.S. 522, 541-42 (1984), in which the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."

[7] The complaint purports to set forth a claim of malicious prosecution. Dkt. No. 1 at 8. The elements of malicious prosecution under section 1983 are virtually identical to the elements of the same claim under New York law. *See Hygh v. Jacobs,* 961 F.2d 359, 366 (2d Cir. 1992). To state a cause of action for malicious prosecution under section 1983, the plaintiff must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable

It is well-settled that the doctrine of witness immunity bars any claims Peterson may seek to assert pursuant to 42 U.S.C. § 1983 arising out of the testimony given at his trial. *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983). The Supreme Court's holding in *Briscoe* was grounded on the common law rule that witnesses are absolutely immune from liability for claims arising out of their trial testimony. *Id., see Taylor v. Hansen*, 731 F.Supp. 72, 75-76 (N.D.N.Y. 1990) (McCurn, C.J.). Witness immunity "extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process." *Elmasri v. England*, 111 F.Supp.2d 212, 222 (E.D.N.Y. 2000).

## III.   Conclusion

For the reasons set forth herein, Peterson's claim for money damages against the State of New York is barred by the Eleventh Amendment and is dismissed with prejudice. Moreover, insofar as the *pro se* complaint may be read to assert claims against the individuals mentioned in the body thereof, those individuals are absolutely immune for liability on the claims alleged. Because the problem with Peterson's cause of action is substantive, such that

---

cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Jocks v. Tavernier,* 316 F.3d 128, 136 (2d Cir.2003) (quotation omitted). "Additionally, there must be a post-arraignment seizure for a § 1983 malicious prosecution claim; however, the requirements of attending criminal proceedings and obeying the conditions of bail suffice on that score." *Id.* (citation omitted). The allegations of the complaint are not sufficient to even suggest that Peterson can make this required showing.

better pleading will not cure it, leave to re-plead is denied as futile. *See Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In light of the dismissal of this action, Peterson's *in forma pauperis* application is **denied as moot**.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Peterson's *in forma pauperis* application (Dkt. No. 2) is **denied as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Peterson by regular mail.

**IT IS SO ORDERED.**

Dated: November 7, 2011
      Albany, New York

_____
Gary L. Sharpe
U.S. District Judge